**DAVIDSON et al. v. UNITED STATES.**

**No. 10270.**

United States Court of Appeals
District of Columbia Circuit.

Decided Nov. 30, 1950.

Mr. Andrew A. Lipscomb, Washington, D. C., with whom Messrs. Minor Hudson and Geoffrey Creyke, Jr., Washington, D. C., were on the brief, for appellants.

Mr. Howard C. Wood, Attorney, Department of Justice, of the bar of the Court of Appeals of New York, *pro hac vice*, by special leave of court, with whom Messrs.

H. G. Morison, Asst. Atty. Gen., George Morris Fay, U. S. Atty., and Edward H. Hickey, Sp. Asst. to the Atty. Gen., were on the brief, for appellee. Mr. Joseph M. Howard, Asst. U. S. Atty., also entered an appearance for appellee.

Before STEPHENS, Chief Judge, and EDGERTON and FAHY, Circuit Judges.

PER CURIAM.

On January 26, 1944 appellants contracted with the Bureau of Yards and Docks of the Navy Department to construct buildings at the Naval Training Station in Farragut, Idaho. In the course of construction appellants filed with the Officer in Charge of Construction a number of requests for so-called "change orders". These requests were not in the record. Appellants say in their brief: "These change order requests were for payment for increased cost caused by faulty plans which the Government had furnished to appellants, by the encountering of unusual subsurface conditions, by increased lumber cost due to Government allocation of appellants' purchase orders, by the Government's having required appellants to perform work over and above the requirements of the contract, and other *causes for which appellants believed they were entitled to increases in the contract price as a matter of right under their contract.*" (Emphasis added.)

Appellants wrote on November 22, 1944 to the Officer in Charge of Construction, asking his "cooperation in expediting change orders," and on February 7, 1945 to the Contracting Officer, Chief of Bureau of Yards and Docks, urging "settlement of this contract."

As appellants say in their brief, the Bureau of Yards and Docks granted only $98,516.25 of "their claim". In the present suit they seek to recover a balance of $281,146.84, which they describe as a "loss", under the War Contracts Hardship Claims Act of August 7, 1946, 60 Stat. 902, 41 U.S.C.A. § 106 note, commonly known as the Lucas Act. Sec. 1 of this Act authorizes departments and agencies to "settle equitable claims of contractors * * *

898

for losses (not including diminution of anticipated profits) incurred between September 16, 1940, and August 14, 1945, without fault or negligence on their part * * *." Sec. 6 authorizes suits on claims for such losses. But Sec. 3 provides that such claims "shall be limited to losses with respect to· which a written request for relief was filed with such department or agency on or before August 14, 1945 * *." The Supreme Court has now determined that "Like § 201 of the First War Powers Act [50 U.S.C.A.Appendix, § 611], the Lucas Act contemplates relief by grace and not in recognition of legal rights. * * * But whatever the form of notice, it must be sufficient to apprise the agency that it was being asked to grant extra-legal relief * * *· for losses sustained in the performance of war contracts." Fogarty v. United States, 340 U.S. 8, 12, 13, 71 S.Ct. 5, 8. Since the appellants, before the critical date, instead of asking extra-legal relief by grace for losses, asserted supposed legal rights to additional compensation, the District Court correctly granted summary judgment to the United States.

Affirmed.